**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4319**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

SHONGO LECARR OWENS, a/k/a G.O., a/k/a Chuck,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.  (1:15-cr-00468-CCB-1)

Submitted:  February 15, 2018      Decided:  February 16, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bruce A. Johnson, Jr., BRUCE A. JOHNSON, JR., LLC, Bowie, Maryland, for
Appellant.  Stephen M. Schenning, Acting United States Attorney, Seema Mittal,
Christopher J. Romano, Assistant United States Attorneys, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shongo LeCarr Owens pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and the district court sentenced him to a total of 240 months' imprisonment. Owens appeals his convictions, arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea. We affirm.

This Court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A "defendant has no absolute right to withdraw a guilty plea." *Id.* at 383-84 (internal quotation marks omitted). The defendant, rather, has the burden of showing "a fair and just reason" for withdrawal. *Id.* at 384 (internal quotations marks omitted)*; see United States v. Vonn*, 535 U.S. 55, 72 (2002). "[A] fair and just reason . . . is one that essentially challenges . . . the fairness of the [Fed. R. Crim. P.] 11 proceeding." *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (internal quotation marks omitted). In determining whether a defendant has met his burden, courts consider multiple factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Id.* (internal quotation marks omitted). Thus, where the district court substantially complied with the requirements of Rule 11 in accepting a guilty plea, the defendant must overcome "a strong presumption that [his guilty] plea is final and binding." *Id.* (internal quotation marks omitted); *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc) (same).

We have reviewed the record on appeal and the parties' briefs and conclude that the district court did not abuse its discretion in denying Owens' motion to withdraw his guilty plea. The district court addressed the *Moore* factors and properly concluded that the Rule 11 plea colloquy established that Owens knowingly and voluntarily pleaded guilty. Furthermore, considering the doubtful effect, if any, the coram nobis proceeding may have had on Owens' sentence, he fails to explain how any error by counsel in this regard amounted to ineffectiveness of constitutional magnitude. *See United States v. Dyess*, 478 F.3d 224, 237-38 (4th Cir. 2007). Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3